THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FERNANDO LOPEZ-ARMENTA,<br><br>　　　　　　　Defendant. | CASE NO. CR21-0132-JCC<br><br>ORDER |

　　　This matter comes before the Court on Defendant's motion for review of a detention order (Dkt. No. 29). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

　　　Defendant was arrested and indicted for Possession of Controlled Substances with Intent to Distribute (Count 1) and Carrying in Commission of a Drug Trafficking Crime (Count 2). (Dkt. Nos. 5, 8.) Upon his arraignment, the Government moved for pretrial detention, citing Defendant's risk of nonappearance and the danger he presented to the community. (Dk. No. 6 at 1–2.) The Honorable Brian A. Tsuchida, United States Magistrate Judge, granted the Government's motion after a contested detention hearing. (Dkt. Nos. 13, 15.) Judge Tsuchida found that Defendant failed to overcome the rebuttable presumption that no condition or combination of conditions would reasonably assure the safety of any other person and the

community, given the Government's presentation of probable cause to believe that Defendant committed a drug offense with a maximum sentence of ten years or more. (Dkt. No. 15 at 1–2.) Defendant now challenges this finding. (*See generally* Dkt. No. 29.)

Defendant's current motion asks the Court to "revise" Judge Tsuchida's detention order. (Dkt. No. 29 at 1.) It is not entirely clear whether Defendant is seeking (a) *review* of the detention order under 18 U.S.C. § 3145(b); or (b) to *reopen* his detention hearing under 18 U.S.C. § 3142(f)(2). [1] The Court construes the motion as the former, and this determination would not prejudice Defendant, given that the Court's review of Judge Tsuchida's determination, as afforded by Section 3145(b), is *de novo* and allows for the introduction of new evidence. *See* 18 U.S.C. § 3145(b).

18 U.S.C. § 3145(b), which governs this Court's review, provides that "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). The Court thus reviews the evidence that was before Judge Tsuchida and any additional evidence proffered by the parties in order to "make its own independent determination whether the magistrate's findings are correct with no deference." *Koenig*, 912 F.2d at 1193.

"Where, as here, there is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that 'no condition or combination of conditions will reasonably assure

---

[1] Moreover, the purportedly "new" evidence Defendant presents, namely his wife's willingness to allow Defendant to live with her while trial is pending and the possibility of again working for his cousins' roofing company, (*see* Dkt. No. 29 at 1–2), is not evidence that was "not known to the movant at the time of the hearing that has a material bearing" on the issues before the Court. 18 U.S.C. 3142(f)(2). Defendant disclosed this to the Court prior to his detention hearing. (*See* Dkt. Nos. 2, 12 (Pretrial Services' Reports).) Therefore, reopening his hearing based on this evidence is not warranted.

the appearance of the person as required and the safety of the community.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). Although the presumption shifts the burden of production to Defendant, the burden of persuasion remains with the Government. *See United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991). Moreover, a finding that Defendant is a danger to any other person or the community must ordinarily be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). Whereas the Government may demonstrate a risk of flight by a preponderance of the evidence. *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019).

Defendant presents limited evidence regarding his risk of nonappearance, namely the possibility that he could again be employed by his cousin's roofing company and an assertion that he could now live with his wife while awaiting trial. (*See* Dkt. No. 29 at 1–3.) Even if true, this does not fully address his risk on nonappearance. As indicated in the Supplemental Pretrial Services Report, Defendant is not a U.S. citizen and information he provides regarding the status of his Mexican citizenship is murky. (*See* Dkt. No. 12 at 4.)

Perhaps most importantly, Defendant does not address at all the danger that Judge Tsuchida found he poses to the community. (*See generally* Dkt. No. 29.) This failure is conspicuous, given (a) the rebuttable presumption presented by Count 1 of the Indictment regarding this risk and (b) the allegation that he emerged from his vehicle at the time of his arrest carrying a gun which he initially pointed at the approaching officer. (*See* Dkt. Nos. 1 at 3–4; 8 at 1–2.) Although the Government concedes that Defendant surrendered the firearm without incident, (*see* Dkt. Nos. 1 at 3–4), the fact that one ceases a violent course when faced with law enforcement does little to demonstrate a lack of danger to the community were law enforcement absent.

For the reasons described above, the Court FINDS that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. Accordingly, the Court DENIES Defendant's motion for review of Judge Tsuchida's detention

1 | order (Dkt. No. 29).

3 | DATED this 18th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE