THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>FERNANDO LOPEZ-ARMENTA,<br><br>               Defendant. | CASE NO. CR21-0132-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to suppress (Dkt. No. 42). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

Defendant is charged by First Superseding Indictment with possessing no less than 400 gross grams of fentanyl with intent to distribute and carrying a firearm in the commission of a drug trafficking crime. (Dkt. No. 36 at 1–2.) Trial is scheduled to commence October 31, 2022. (Dkt. No. 40). According to the complaint, authorized by the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 1), Defendant arranged to sell 10,000 pills containing fentanyl to a confidential informant ("CI"). (Dkt. No. 1 at 3.)

The two planned to meet at a Home Depot parking lot in Federal Way. (*Id.*) Prior to the meeting, law enforcement surveilled the location. (*Id.*) After observing the transaction and receiving text messages from the CI that the deal was done, law enforcement moved in. (*Id.*) As

they approached, Defendant allegedly exited his Jeep with a gun in hand. (*Id.*) Thankfully, he did not use it. Instead, he placed the firearm on the hood of the vehicle and was taken into custody. (*Id.*)

Law enforcement read Defendant his *Miranda*[1] rights in Spanish and he agreed to speak with two officers fluent in Spanish. (Dkt. No. 1 at 4; *see* Dkt. No. 46-2 at 2 (*Miranda* script for Spanish speakers).) In the interrogation, Defendant admitted to having drugs in the Jeep. (Dkt. No. 1 at 4.) He also indicated that he was positive for COVID-19. (Dkt. No. 45 at 3.) According to the Government, officers asked Defendant whether he would consent to the search of his vehicle. (Dkt. No. 45 at 5.) They provided him a Washington State Patrol Consent to Search Form in Spanish, and reviewed the language on the form with Defendant. (*Id.*) Defendant agreed and signed the form. (*See* Dkt. No. 45-1 at 2 (form at issue).) Upon searching the vehicle, officers found approximately 4,000 fentanyl pills (this is in addition to the 10,000 pills recovered from the CI's vehicle following the sale) $3,840 in currency, and a box containing 50 rounds of .40 caliber ammunition. (Dkt. Nos. 1 at 4, 45 at 6.)

In moving to suppress evidence contained in Defendant's vehicle, he argues he was unable to voluntarily consent to the search, due to his COVID-19 infection. (Dkt. No. 42 at 2.) But as the Government points out,[2] Defendant's motion fails to fully address the factors articulated by the Ninth Circuit to determine if consent is voluntarily given. (*See* Dkt. No. 45 at 8 (citing *U.S. v. Patayan Soriano*, 361 F.3d 494, 502 (9th Cir. 2004); *U.S. v. Vongxay*, 594 F.3d 1111, 1119–20 (9th Cir. 2010)).) Regardless, even if Defendant had put consent at issue, the search qualifies for the automobile exception.

Under the automobile exception, law enforcement may conduct a warrantless vehicle search "if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010). There is probable cause for a

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] Defendant did not file a reply to the Government's opposition brief.

ORDER
CR21-0132-JCC
PAGE - 2

search where, in light of the totality of the circumstances, there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Pinela–Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001) (citation omitted).

Here, according to the Government, law enforcement worked with the CI to arrange Defendant's sale of 10,000 fentanyl pills. (Dkt. No. 45 at 2–3.) The calls between the two were recorded and the Government produced a transcript of the relevant portions for the Court. (*See* Dkt. Nos. 47-1, 47-2.) Moreover, according to the complaint and the Government's briefing, law enforcement surveilled the transaction from a distance, observed the CI meet with Defendant, received a text from the CI once the transaction was done that Defendant had a gun, and, upon their arrival on scene, observed Defendant allegedly point the gun in their direction before he placed it on the hood of his vehicle. (Dkt. Nos. 1 at 3–4, 45 at 2–3.) This is sufficient to establish probable cause that Defendant's Jeep contained evidence of criminal activity and/or contraband justifying a warrantless search.

Therefore, Defendant's motion to suppress (Dkt. No. 42) is DENIED, as is his request for a hearing[3] on the matter.

DATED this 12th day of October 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Whether an evidentiary hearing on a suppression motion is appropriate rests on the Court's discretion. *U.S. v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). Typically, it is only required if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *Id.* Here, Defendant presents no evidence *or even argument* suggesting a factual dispute necessitating a hearing. (*See generally* Dkt. No. 42.)